**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **NISHTMAN IZADI** | **CIVIL ACTION NO. 3:26-CV-0103** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause [Doc. 2] filed by *pro se* petitioner Nishtman Izadi ("Petitioner"). Petitioner is an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. According to the petition, Petitioner is a native and citizen of Iran who has been in immigration custody since December 2024, following a final order that granted withholding of removal to Iran.  [Doc. 1, p. 6].  Petitioner challenges the lawfulness of his continued detention, arguing that at no time either before or after his order of removal became administratively final has ICE identified a third country of removal, or taken any steps to remove him to such a country. A review of his petition and attachments suggests that his claims should survive this court's initial review. Accordingly, in order for the court to determine an appropriate resolution to his claims,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition [Doc. 1], and a copy of this order by certified mail on the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE)-Office of General Counsel, and the warden of the Richwood Correctional Center in Monroe, Louisiana.

Through a Motion for Order to Show Cause [Doc. 2], Petitioner seeks expedited consideration of his petition, pursuant to 28 U.S.C. § 2243, which provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, (W.D. La. 2018);[1] *See also Taylor v. Gusman*, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952  F. Supp. 348 (S.D. W. Va. 1997).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause [Doc. 2] is GRANTED and Respondent is **ORDERED** to respond within **21 days** of service.  If the Respondent does not contest the contentions set forth in the petition, it should inform the Court and provide the relief sought.

**After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.**

Petitioner's failure to comply with this order or to notify the court of any change in his address will result in a recommendation that his petition be dismissed without prejudice under LR 41.3.

**THUS DONE AND SIGNED** in chambers this 5th day of March, 2026.

David J. Ayo
United States Magistrate Judge